# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

GREG S. VAN HUISEN,
CDCR# AS-8561,

Plaintiff,

vs.

JOHN DOE, USMC and WARDEN-ACTING DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS,

Defendants.

Case No.: 26cv5734-LL-DEB

**ORDER:**

**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**

**AND**

**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**

[ECF Nos. 1, 3]

Plaintiff Greg S. Van Huisen ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he has filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), which is accompanied by copies

of his inmate trust account statement. ECF Nos. 2–4. For the reasons discussed below, the Court denies Plaintiff's IFP motion and dismisses the civil action without prejudice.

## I. IFP MOTION

### A. Legal Standard

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing 'imminent danger of serious physical injury.'" *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.'"). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's

application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

**B. Analysis**

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. This is one of those instances, as a review of Plaintiff's district court dockets confirms he is no longer eligible to proceed IFP because while incarcerated, he has had more than three prior prisoner civil actions dismissed for a "qualifying reason" under § 1915(g). *Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019). Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120; *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

The following records are sufficient to show Plaintiff has seven qualifying strikes:

(1) *Van Huisen v. Desantis, et al.*, No. 2:23-cv-1758-WBS-CSK, 2023 WL 8527238, at *2 (E.D. Cal. Dec. 8, 2023) (Order and Findings and Recommendations ("F&R") recommending dismissal of second amended complaint in § 1983 case for "fail[ure] to state a potentially cognizable federal claim" without leave to amend) (ECF No. 25), adopted by *Van Huisen v. Desantis, et al.*, No. 2:23-cv-1758-WBS-CSK, 2024 WL 21651, at *1 (E.D. Cal. Jan. 2, 2024) (Order adopting F&R in full and dismissing civil action) (ECF No. 29) (strike one);

(2) *Van Huisen v. Clinton Administration, et al.*, No. 2:23-cv-1596-DJC-KJN, 2023 WL 8527206, at *1–2 (E.D. Cal. Dec. 8, 2023) (Order and F&R

recommending dismissal of amended complaint without leave to amend as legally frivolous within the meaning of 28 U.S.C. § 1915) (ECF No. 36), adopted by *Van Huisen v. Clinton Administration, et al.,* No. 2:23-cv-1596-DJC-KJN, 2024 WL 169411, at *1 (E.D. Cal. Jan. 16, 2024) (Order adopting F&R in full and dismissing amended complaint without leave to amend) (ECF No. 40); (*see also* ECF No. 42) (January 19, 2024, Notice of Voluntary Dismissal) (strike two);[1]

(3) *Van Huisen v. Biden, et al.*, No. 2:23-cv-0944-DJC-EFB, 2023 WL 8261550, at *2 (E.D. Cal. Nov. 29, 2023) (Order and F&R recommending dismissal of civil action for failure to state a claim upon which relief could be granted and finding further leave to amend not warranted) (ECF No. 38), adopted by *Van Huisen v. Biden, et al.,* No. 2:23-cv-0944-DJC-EFB, 2024 WL 169410, at *1 (E.D. Cal. Jan. 16, 2024) (Order adopting F&R in full and dismissing complaint for failure to state a claim) (ECF No. 41); (*see also* ECF No. 43) (January 19, 2024, Notice of Voluntary Dismissal) (strike three);[2]

(4) *Van Huisen v. House of Representatives*, No. 2:24-cv-0246-DAD-CSK, 2024 WL 522794, at *2 (E.D. Cal. Feb. 9, 2024) (F&R recommending dismissal of second amended complaint without leave to amend on the basis

---

[1] Plaintiff's belated attempt to voluntarily dismiss the action does not alter the strike determination, as the district court's order dismissing the action without leave to amend was issued *prior* to the docketing of Plaintiff's notice (and the latter notice was not acted upon by the district court); the docket further reflects Plaintiff had previously filed objections to the F&R and thus plainly "elected to stand" on his amended complaint. *See docket*, *Van Huisen v. Clinton Administration, et al.*, No. 2:23-cv-1596-DJC-KJN; *see also Harris v. Magnum*, 863 F.3d 1133, 1142–43 (9th Cir. 2017) ("[Plaintiff's] failure to file an amended complaint did not negate the determination already made by the court that the complaint that he had filed, and on which he effectively elected to stand, failed to state a claim," and reasoning that "[a] prisoner may not avoid incurring strikes simply by declining to take advantage of [] opportunities to amend."); *contrast with Spencer v. Barajas*, 140 F.4th 1061, 1068 (9th Cir. 2025) ("Rule 41(a)(1) voluntary dismissals cannot count as strikes, because they are never 'on the grounds that' the case was frivolous, malicious, or failed to state a claim.").

[2] Plaintiff's belated voluntary dismissal attempt also fails to alter this strike determination. *See docket*, *Van Huisen v. Biden, et al.*, No. 2:23-cv-0944-DJC-EFB (notice docketed after dismissal order and was not acted upon by district court; docket further reflects Plaintiff had previously filed objections to the F&R); *see also Harris*, 863 F.3d at 1142–43.

that it is "incomprehensible, lacks substance, and fails to allege a potentially cognizable claim for violation of plaintiff's constitutional rights by defendant Johnson" and "it is clear that plaintiff cannot cure" the identified pleading defects) (ECF No. 16), adopted by *Van Huisen v. House of Representatives*, No. 2:24-cv-0246-DAD-CSK, 2024 WL 3252949, at *1 (E.D. Cal. Jul. 1, 2024) (Order adopting in full F&R and dismissing second amended complaint without leave to amend) (ECF No. 31) (strike four);[3]

(5) *Van Huisen v. Covello, et al.*, No. 24-cv-2905-TLN-AC, 2024 WL 4804588, at *2 (E.D. Cal. Nov. 15, 2024) (Order and F&R granting IFP requests and recommending dismissal of complaint without leave to amend "for failure to state a claim.") (ECF No. 11), adopted by *Van Huisen v. Covello, et al.*, No. 24-cv-2905-TLN-AC, 2025 WL 306566, at *1 (E.D. Cal. Jan. 27, 2025) (adopting in full F&R and dismissing complaint without leave to amend for failure to state a claim) (ECF No. 15) (strike five);

(6) *Van Huisen v. John Doe*, No. 23-2880 (9th Cir. Sep. 18, 2024) (Order dismissing appeal from C.D. Cal. Case No. 2:23-cv-7827-MFW-JPR as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (Dkt. No. 14) (strike six);

(7) *Van Huisen v. United States Government, et al.*, No. 25-917 (9th Cir. Apr. 28, 2026) (Order denying motion to proceed IFP and dismissing appeal from C.D. Cal. Case No. 2:24-cv-10427-MWF-JPR as frivolous pursuant to 28 U.S.C. § 1915(a)&(e)(2)) (Dkt. No. 10) (strike seven).

Because Plaintiff accumulated these prior strike dismissals while incarcerated, he may not proceed IFP in this case unless he meets § 1915(g)'s "imminent danger" exception.[4] To do so, his pleadings must contain a "plausible allegation that [he] faced

---

[3] *See also id.*, No. 2:24-cv-0246-DSD-CSK (E.D. Cal. Jul. 26, 2024) (Order finding appeal frivolous and revoking IFP status, finding "there is no basis in fact or in law for plaintiff's appeal" and "his appeal is frivolous and not taken in good faith.") (ECF No. 37 at 2).

[4] In fact, based on Plaintiff's litigation history and specifically the first three Eastern District of California cases enumerated above, Plaintiff was previously denied IFP privileges pursuant to § 1915(g) in the Eastern District of California. *See Van Huisen v. Chief of Staff, et al.,* Case No. 2:23-cv-2815-DAD-JDP, 2024 WL 1443859, at *1 (E.D. Cal. Apr. 3, 2024) (Order adopting F&R and denying motion to proceed IFP pursuant to 28 U.S.C. § 1915(g)) (ECF No. 20). Further, based on this same litigation history and

'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)). Imminent danger requires plausible allegations of harm "ready to take place," or "hanging threateningly over one's head," *id.* at 1056, and must also "stem[] from the violations of law alleged in [the] complaint." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

Upon review, Plaintiff's Complaint fails to include any plausible allegations of imminent or ongoing physical danger at the time of filing. While the Complaint is largely disjointed and unintelligible, Plaintiff ostensibly seeks to sue a John Doe member of the United States Marine Corps and the Warden-Acting Director of the California Department of Corrections for conspiracy to commit larceny. ECF No. 1 at 2–3. Plaintiff's first cause of action lists the date of September 14, 2024, and contains an incoherent description of a conspiracy, his second cause of action is for "Simple Ultra Vires S15420 Also Termed Narrow Ultra Vires – Blacks Law," and the third cause of action is entitled "Perverting the Course of Justice – P1280 Blacks Law Ed. 2024," both similarly fragmented and incomprehensible. *Id.* at 2–10. Plaintiff's Complaint does not contain any coherent allegations which plausibly suggest Plaintiff faced "'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting U.S.C. § 1915(g)); *see e.g. Jones v. San Diego County, et al.*, No. 3:23-cv-2441-CAB-AHG, 2024 WL 406774, at *2 (S.D. Cal. Feb. 2, 2024) (finding "broad and mostly incoherent allegations involving a group of unrelated state correctional and municipal entities [Plaintiff] believes have violated his right to privacy and to have 'damaged (his) physical, mental, spiritual, and

---

acknowledging the similar determinations of both the Eastern District of California and the Eastern District of Virginia, Plaintiff was also previously denied IFP privileges pursuant to § 1915(g) in the Central District of California. *See Van Huisen v. United States All Three Branches, et al.*, Case No. 2:24-cv-10427-MFW-JPR (C.D. Cal. Dec. 12, 2024) (Order denying request to proceed without prepayment of filing fees pursuant to 28 U.S.C. § 1915(g) and dismissing case without prejudice to refiling with accompanying payment of full $405 filing fee) (ECF No. 5 at 1–2).

psychological health' in unspecified ways while he has been held in their custody" insufficient to satisfy § 1915(g)'s imminent danger exception); *see also Van Huisen v. United States All Three Branches, et al.*, Case No. 2:24-cv-10427-MFW-JPR (C.D. Cal. Dec. 12, 2024) (finding "virtually incomprehensible" complaint to be "wholly insufficient to meet the imminent danger exception" under § 1915(g)) (ECF No. 5 at 2). Nor does Plaintiff plausibly allege facing any such harm stemming from the alleged violations asserted in the Complaint. *See Ray*, 31 F.4th at 701 ("[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint.")

Therefore, the Court finds Plaintiff is not entitled to the privilege of proceeding IFP in this case. *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). Because Plaintiff did not pay the full $405 statutory and administrative filing fee required by 28 U.S.C. § 1914(a) at the time he filed this case, his litigation history shows he is no longer eligible to proceed IFP, and he does not allege to have faced imminent danger of serious physical injury at the time of filing, his suit must be dismissed. *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed[.]").

## II. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 3] as barred by 28 U.S.C. § 1915(g); **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of Court to close the case.

**IT IS SO ORDERED**.

Dated: November 16, 2026

Honorable Linda Lopez
United States District Judge